UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID MOYA

    Plaintiff,

v.   Case No.: 8:17cv1589 26 JSS

PENN CREDIT CORPORATION

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, DAVID MOYA (hereinafter, "Plaintiff"), and sues Defendant, PENN CREDIT CORPORATION (hereinafter, "Defendant") and alleges:

### INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., ("FDCPA"), the Florida Statutes §559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), §501.201-501.213, Florida Statutes and Plaintiff's invasion of his privacy.

2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention the aforesaid statues. Consequently, Plaintiff seeks injunctive relief as well as

damages, fees and costs in accordance with the TCPA, FDCPA, FCCPA and FDUTA.

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. <u>Mims v. Arrow Financial Services</u>, LLC 132 S.Ct. 740 (2012).

4. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA and FDUTA claim in that it is so related to the federal TCPA and FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## PARTIES

6. At all times relevant to this Complaint, Defendant was a "debt collector" as defined by 15 U.S.C., Section 1692a(6) and Florida Statutes, Section 559.55(6).

7. At all times relevant to this Complaint, Defendant attempts to collect a consumer debt.

8. At all times relevant to this Complaint, the Debt was consumer debt, incurred primarily for personal household or family use.

9. At all times relevant to this Complaint, the Defendant was a "person" as said term is defined under Florida Statute § 1.01(3), and is subject to the provision of Florida Statutes § 559.72 because said section applies to "any person" who

collects or attempts to collect a consumer debt as defined in Florida Statutes § 559.55(1).

10. At all times relevant to this Complaint, Defendant regularly uses the mail and telephone in a business for the purpose of collection consumer debts.

11. At all times relevant to this Complaint, Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

12. Defendant is a foreign for-profit corporation existing under the laws of the State of Pennsylvania, that, itself and through its subsidiaries, regularly attempts to collect consumer debts due, or allegedly, due another from consumers in Polk County, Florida.

13. Defendant is a debt collection agency operating from an address of 916 S. 14th Street Harrisburg, PA 17104 as that term is defined by 15 U.S.C. §1692a(6).

14. Defendant lists its registered agent as Donald C. Donagher, Jr., 3801 PGA Blvd Suite 600 Palm Beach Gardens, Fl. 33410.

15. Defendant is a "Consumer Collection Agency" as per the Florida office of Financial Regulation License # CCA0900232.

16. Defendant is a "Foreign Profit Corporation" as per the Florida Department of State, Division of Corporations.

17. At all times relevant to this Complaint, Plaintiff is an individual residing in Polk County, Florida.

18. At all times relevant to this Complaint, Plaintiff was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida

Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA, FCCPA, TCPA and FDUTPA by virtue of being directly affected by violations of the Act.

19. At all times relevant to this Complaint, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insures.

20. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

21. Plaintiff has no prior or present established relationship with the Defendant.

22. Plaintiff has never given Defendant express consent or permission to call Plaintiff's cellular phone.

23. Plaintiff is the "called party," and has no contractual obligation to pay Defendant.

24. Defendant's on more than five (5) occasions called to Plaintiff's David Moya's cellular telephone number (786) 333-7550 using an automated telephone call including the following pre-recorded or artificial voice message:

> "We have an important message from Penn Credit Corporation, this is a communication from a debt collector, please call 800-900-1380. This is an attempt to collect a debt and any information obtained will be used for that purpose."

25. Plaintiff David Moya is the owner, regular user, and possessor of a Cellular Telephone with the assigned number (786) ***-7550.

26. At all times herein, the Debt was not incurred or owed by Plaintiff David Moya.

27. On or about December 30, 2016, at approximately 9:02am. EST, Defendant called Plaintiff cellular phone using automated dialing system followed by a pre-recorded or artificial voice message.

28. The immediately-aforementioned call was placed from telephone number 1-800-900-1380 and was made in an attempt to collect a Debt and following pre-recorded or artificial voice message:

> "We have an important message from Penn Credit Corporation, this is a communication from a debt collector, please call 800-900-1380. This is an attempt to collect a debt and any information obtained will be used for that purpose."

29. On or about January 12, 2017, at approximately 1:16pm. EST, Defendant called Plaintiff cellular phone using automated dialing system followed by a pre-recorded or artificial voice message.

30. The immediately-aforementioned call was placed from telephone number 1-800-900-1380 and was made in an attempt to collect a Debt and following pre-recorded or artificial voice message:

> "We have an important message from Penn Credit Corporation, this is a communication from a debt collector, please call 800-900-1380. This is an attempt to collect a debt and any information obtained will be used for that purpose."

31. On or about March 23, 2017, at approximately 9:54am. EST, Defendant called Plaintiff cellular phone using automated dialing system followed by a pre-recorded or artificial voice message.

32. The immediately-aforementioned call was placed from telephone number 1-800-900-1380 and was made in an attempt to collect a Debt and following pre-recorded or artificial voice message:

> "We have an important message from Penn Credit Corporation, this is a communication from a debt collector, please call 800-900-1380. This is an attempt to collect a debt and any information obtained will be used for that purpose."

33. On or about April 20, 2017, at approximately 3:18pm. EST, Defendant called Plaintiff cellular phone using automated dialing system followed by a pre-recorded or artificial voice message.

34. The immediately-aforementioned call was placed from telephone number 1-800-900-1380 and was made in an attempt to collect a Debt and following pre-recorded or artificial voice message:

> "We have an important message from Penn Credit Corporation, this is a communication from a debt collector, please call 800-900-1380. This is an attempt to collect a debt and any information obtained will be used for that purpose."

35. On or about April 20, 2017, at approximately 3:20pm. EST, Defendant called Plaintiff cellular phone using automated dialing system followed by a pre-recorded or artificial voice message.

36. The immediately-aforementioned call was placed from telephone number 1-800-900-1380 and was made in an attempt to collect a Debt and following pre-recorded or artificial voice message:

> "We have an important message from Penn Credit Corporation, this is a communication from a debt collector, please call 800-900-1380. This is an attempt to collect a debt and any information obtained will be used for that purpose."

37. Plaintiff sent Defendant a Notice of Pending Lawsuit, sent via U.S. Certified Mail # 7012 3050 0000 9274 7876 with the good faith intention to amicably resolve Plaintiff's violations.

38. Per the United States Postal Service the Notice of Pending Lawsuit was received March 7, 2017 at 11:20am.

39. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff twice after receiving the Notice of Pending Lawsuit, despite acknowledging they did not have his express permission to do so.

40. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

41. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have believed they had.

42. Defendant has had numerous complaints from consumers against them across the country asking not to be called, however the Defendant continues to call.

43. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in the complaint, for which the Defendant has been sued in Federal Court.

44. Plaintiff was damaged by these illegal calls. His privacy was improperly invaded, minutes were used from his cell phone plans.

45. Plaintiff has successfully registered his cell phone with the National Do Not Call Registry since August 2011.

46. Defendant violated the TCPA with respect to the Plaintiff.

47. Defendant's calls were made in willful and knowing violation of the TCPA.

48. None of the Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

49. United State Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system, a predictive telephone system, or an artificial or pre-recorded voice to Plaintiff David Moya's cellular telephone in violation of the TCPA or the regulations proscribed thereunder.

50. Additionally, United States Code, Title 47, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system, a predictive telephone dialing system, or an artificial or prerecorded voice to Plaintiff David Moya's cellular telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

51. Defendant violated the FCCPA with respect to the Plaintiff.

52. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent, temporally displaced violation, plus actual damages, and an award of attorney's fees and costs to Plaintiff, should Plaintiff prevail in this matter.

53. At all times herein, it would have been possible for Defendant to avoid violation the terms of the FCCPA.

54. Defendant violated the FDCPA with respect to the Plaintiff.

55. United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages per action, plus actual damages, cost and an award of attorney's fees to Plaintiff, should Plaintiffs prevail in this matter against Defendant.

56. At all times herein, it would have been possible for Defendant to avoid violation the terms of the FDCPA.

57. Plaintiff have retained Maxie Broome, Jr., Esq. for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorney a reasonable fee for his services.

## COUNT ONE
## UNLAWFUL DEBT COLLECTION PRACTICE
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

58. Plaintiff repeats, realleges and incorporates paragraph 1 through 57.

59. Plaintiff has successfully registered his cell phone with the National Do Not Call Registry since August 2011.

60. This is a cause of action against Defendant for its violation of the FCCPA.

61. At all times material hereto, Plaintiff was a "consumer" within the meaning of §559.55(2) Florida Statutes.

62. At all times material hereto, the communication and other misconduct alleged herein arose out of a "consumer debt" within the meaning of §559.55(1) Florida Statutes.

63. At all times material hereto, the Defendant was a "person" within the meaning of §559.55(7) Florida Statutes.

64. The Defendant willfully violated provision of the FCCPA by their conduct, which included, but was not limited to the following actions:

    (a) The Defendant's attempt to collect the debt was assertion of the existence of a legal right when the Defendant knew that right did not exist in violation of Florida Statutes §559.72(9).

    (b) The Defendant's conduct was prohibited by §559.72(7), because it was reasonably intended to willfully harass or abuse the Plaintiff.

    (c) Caused the Plaintiff to be charge for communications by concealing the true purpose of the communication in violation of Florida Statutes §559.72(19).

65. As a legal and proximate cause of the aforesaid misconduct and violations, Plaintiff has suffered actual damages and is entitled to statutory damages per independent violations.

66. Plaintiff was forced to retain undersigned counsel and has or will incur attorney's fees, legal assistant fees and costs. Counsel has been retained on a contingency basis, and Plaintiff seeks a contingency risk multiplier.

67. Plaintiff is entitled to an award of attorney's fees, legal assistant fees and costs of this action, pursuant to the provision of the FCCPA.

68. Plaintiff have retained Maxie Broome, Jr., Esq. for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorney a reasonable fee for his services.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, for actual damages, punitive damages, statutory damages,

along with costs and reasonable attorney's fees and any other such relief the court may deem just and proper.

## COUNT TWO
## FAIR DEBT COLLECTION PRACTICES ACT
## VIOLATION OF 15 U.S.C., SECTION 1692d(5)

69. Plaintiff repeats, realleges and incorporates paragraph 1 through 57.

70. Plaintiff has successfully registered his cell phone with the National Do Not Call Registry since August 2011.

71. Defendant is subject to, and has violated the provisions of, 15 U.S.C., Section 1692d(5) by causing a telephone to ring or engaging Plaintiff David Moya in telephone conversation repeatedly with the intent to annoy, harass or abuse any person at the called number.

72. At no time herein did Defendant have Plaintiff David Moya's prior express consent to call his Cellular Telephone using an automated dialing system followed by pre-recorded or artificial voice message.

73. Plaintiff David Moya was not a party to any agreement or documents creating Debt, and never provided his cellular telephone number to Defendant, and never owed the a Debt.

74. Defendant's actions of calling Plaintiff's cellular phone were taken with the intent to annoy, harass, or abuse Plaintiff David Moya into paying a Debt he did not owe.

75. As a direct and proximate result of Defendant's actions, Plaintiff David Moya has sustained damages and is entitled to statutory damages per independent violations as defined by 15 U.S.C., Section 1692k.

76. Plaintiff have retained Maxie Broome, Jr., Esq. for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorney a reasonable fee for his services.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, for actual damages, punitive damages, statutory damages, along with costs and reasonable attorney's fees and any other such relief the court may deem just and proper.

## COUNT THREE
## FAIR DEBT COLLECTION PRACTICES ACT
## VIOLATION OF 15 U.S.C., SECTION 1692f

77. Plaintiff repeats, realleges and incorporates paragraph 1 through 57.

78. Plaintiff has successfully registered his cell phone with the National Do Not Call Registry since August 2011.

79. Defendant is subject to, and has violated the provision of, 15 U.S.C., Section 1692f by using unfair or unconscionable means to collect a debt.

80. At no time herein did Defendant have Plaintiff David Moya's prior express consent to call his Cellular Telephone using an automated dialing system followed by pre-recorded or artificial voice message.

81. Plaintiff David Moya was not a party to any agreements or documents creating a debt, never provided his cellular telephone number to Defendant, and never owed a debt to Defendant.

82. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in contravention of 15 U.S.C. 1692e, which states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> **(5)** Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

83. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

84. Plaintiff was forced to hire the undersigned to represent him in this action and has agreed to pay a reasonable attorney's fee.

85. Pursuant to 15 U.S.C. §1692k, Plaintiff is entitle to recover actual damages together with additional statutory damages up to $1,000.00, per independent violations, together with court cost and reasonable attorney's fees.

86. Plaintiff have retained Maxie Broome, Jr., Esq. for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorney a reasonable fee for his services.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, for actual damages, punitive damages, statutory damages, along with costs and reasonable attorney's fees and any other such relief the court may deem just and proper.

**COUNT FOUR**
**VIOLATION OF THE TCPA, 47 U.S.C. §227(b)(1)(A)(iii)**

87. Plaintiff repeats, realleges and incorporates paragraph 1 through 57.

88. Plaintiff has successfully registered his cell phone with the National Do Not Call Registry since August 2011.

89. Defendant placed several non-emergency calls, including but limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C. §227(b)(1)(A)(iii).

90. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

91. Plaintiff did not expressly consent to Defendant to contact him via cellular phone. *See* Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014). Even oral instructions to cease calls effectively revoke any prior consent the caller may havd had. *See* Osorio v State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

92. The aforesaid calls to Plaintiff's cellular telephone were place using an automated dialing system followed by pre-recorded or artificial voice message.

93. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

94. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC

has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In The Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014 ¶ 132 (Fed. Commc'n July 3, 2013).

95. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and were made without the prior express consent of Plaintiff.

96. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. See *FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

97. Defendant, through its agents, representatives, and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

98. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

99. As a result of Defendant's violations, of 47 U.S.C. §227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or

knowing violation, pursuant to §227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to §227(b)(3)(B).

100. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

101. Plaintiff have retained Maxie Broome, Jr., Esq. for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorney a reasonable fee for his services.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, for actual damages, punitive damages, statutory damages, along with costs and reasonable attorney's fees and any other such relief the court may deem just and proper.

## COUNT FIVE
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA)

102. Plaintiff repeats, realleges and incorporates paragraph 1 through 53.

103. Defendant has violated the FCCPA, the FDCPA and the TCPA in its debt collection activities taken against the Plaintiff.

104. Plaintiff has successfully registered his cell phone with the National Do Not Call Registry since August 2011.

105. The violations of these consumer protection statutes constituted violation of the FDUTPA §501.20 et. seq.

106. FDUTPA prohibits a very broad range of activities. FDUTPA makes it unlawful to engage in unfair methods, unconscionable acts or practices, and unfair

or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. Section 501.204, Florida Statutes. (2012)

107.   Plaintiff have retained Maxie Broome, Jr., Esq. for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorney a reasonable fee for his services.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, for actual damages, punitive damages, statutory damages, along with costs and reasonable attorney's fees and any other such relief the court may deem just and proper.

## COUNT SIX
## INVASION OF PRIVACY

108.   Plaintiff repeats, realleges and incorporates paragraph 1 through 53.

109.   Plaintiff has successfully registered his cell phone with the National Do Not Call Registry since August 2011.

110.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> *Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to <u>invasion of individual privacy</u>. 15 U.S.C. §1692(a) (emphasis added).*

111.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customer and to protect the security and confidentiality of those customers' nonpublic personal information.
> 15 U.S.C. §6801(a) (emphasis added)

112. The Restatement of the law, Second, Torts, §652(b) defines intrusion upon seclusion as, *"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person. Defendants intentionally or negligently interfered with the solitude, seclusion or private concerns or affairs of the Plaintiff's by repeatedly and unlawfully attempting to collect a debt and placing so many calls with such frequency."*

113. Defendant intentionally or negligently interfered with the solitude, seclusion or private concern or affairs of the Plaintiff's by unlawfully attempting to collect a debt and placing calls to Plaintiff.

114. Defendant undertook communication while Plaintiff was at home, constituting an invasion of privacy.

115. Said communication was harassing, unreasonable, systematic and in disregard for Plaintiff's right of privacy.

116. Said communication was made by Defendant to force, coerce, harass, frighten, embarrass or humiliate Plaintiff into paying a debt that never existed.

117. Said communication was intentional, willful, and malicious, and violated Plaintiff's privacy.

118. Said invasion were a regular, continuous and systemic, harassing and unreasonable collection effort and violated the Plaintiff's privacy.

119. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, or private concerns or affairs.

120. As a result of Defendant's action, Plaintiff has been damaged, including suffering, emotional distress, mental anguish and humiliation.

121. As a result of Defendant's action, Defendant is liable to Plaintiff for punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, for actual damages, punitive damages, statutory damages, along with costs and reasonable attorney's fees and any other such relief the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, David Moya, hereby demands a trial by jury of all issues so triable.

Respectfully submitted

Maxie Broome, Jr., P.A.

/s/Maxie Broome, Jr.
Maxie Broome, Jr., Esquire
Florida Bar No.: 0250201
P.O Box 371
Bartow, Florida 33831
(904) 382-2434 (Telephone)
mbroomelaw@aol.com (email)
Attorney for Plaintiff